No. 1840. Ex Parte Verner, November Term, 1885. This case simply decides that the petitioner, having been charged, under the principles declared in *Lay* v. *Lay* (10 *S. C.*, 216), with one-sixth part of the note for slaves described in that case, and the amount of such sixth part having been ascertained and adjudged by a decree of the Circuit Court, from which no appeal was taken, the petitioner could not afterwards have such amount reduced because of a compromise subsequently entered into between the parties to that note. Judgment of court below (Witherspoon, J.) affirmed. Opinion by Mr. Justice Fraser (who sat in Mr. Justice McGowan's seat), March 12, 1886. *D. P. Verner*, for appellant. *W. C. Keith, J. J. Norton*, contra.

No. 1862. Felder v. Walker, November Term, 1885. 1. The code is very properly liberal in allowing amendments, but where no cause of action is stated in a complaint, it is not a case of insufficiency to be corrected by motion before answer; demurrer (as in this case) is the proper remedy.

2. A complaint seeking to subject a wife's land to the payment of a debt due by her husband, upon allegations that this debt was assumed by the wife through her husband acting as her agent (without any direct allegations of agency), and that said husband had promised and agreed that said debt should be secured by a mortgage to be executed by his wife upon her land, does not state facts sufficient to constitute a cause of action.

3. Had the fact of agency and authority on the part of the husband been distinctly averred, the verbal promise to pay the debts of another is not binding.

4. A verbal promise by a married woman to execute a mortgage on her land is not binding upon her so as to authorize the enforcement of the agreement by foreclosing it as an actual mortgage executed by her for good and valuable consideration in respect to her separate estate. Judgment of Circuit Court (Fraser, J.) affirmed. Opinion by Mr. Justice McGowan, March 27, 1886. *J. C. Davant*, for appellant. *Robert Aldrich*, contra.